UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TUBI STYLE U.S.A., INCORPORATED

      Plaintiff,                                           Case No. 1:03-cv-890

v                                                     Hon. Wendell A. Miles

ROB LAY; HG PARTS; and
ANDALE, INC.,

      Defendants.

_____/


FINDINGS OF FACT
AND CONCLUSIONS OF LAW


      This diversity action is currently before the court on plaintiff's second Motion for Entry

of Default Judgment against defendant HG Parts (docket no. 46).  The case came before the court

for an evidentiary hearing on plaintiff's motion on May 23, 2005.  On September 15, 2005,

plaintiff submitted Proposed Findings of Fact and Conclusions of Law (docket no. 55).   The

matter is now ready for decision.


FINDINGS OF FACT

      Based upon the pleadings and affidavits, and all other matters of record in this case, the

court makes the following findings of fact as required by Fed. R. Civ. P. 52(a).[1]

      1.  Plaintiff Tubi Style U.S.A., Incorporated ("Tubi Style") is a Michigan corporation

_____

[1]Any findings of fact which contain conclusions of law shall be considered as such.

having its principal place of business in Ottawa County, Michigan.

2. Defendant HG Parts ("HG Parts") is a German corporation with offices in Germany.

3. Through agreement with Tubi Style SRL of Italy ("Tubi Style of Italy"), plaintiff Tubi Style is the exclusive distributor of the products of Tubi Style of Italy within the United States and Mexico.

4. HG Parts has and is continuing to violate the exclusivity rights of Tubi Style by distributing the products of Tubi Style of Italy in the United States, with an awareness of the rights of Tubi Style.

5. The actions of HG Parts have caused and will continue to cause irreparable harm to the business of Tubi Style.

6. HG Parts was served with the summons and complaint on December 17, 2004.

7. HG Parts has failed to answer or otherwise defend this action.

CONCLUSIONS OF LAW

In accordance with Fed. R. Civ. P. 52(a), the court reaches the following conclusions of law.[2]

A. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

B. Venue is proper in this district.

C. Federal Rule of Civil Procedure 55 provides for judgment by default when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the action. "It is universally understood that a default operates as a deemed admission of

---

[2]Any conclusions of law which contain findings of fact shall be considered as such.

liability." Dierschke v. O'Cheskey, 975 F.2d 181, 185 (5th Cir. 1992).

D. "Although upon default, the well-pleaded allegations of a complaint relating to liability are taken as true, allegations in a complaint relating to the amount of damages suffered ordinarily are not." United States v. DiMucci, 879 F.2d 1488, 1497 (7th Cir. 1989). In particular, "'[w]here damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved.'" Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995) (citation omitted).

E. Tubi Style's complaint does not request a sum certain as damages. See KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003) ("In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default"). Plaintiff's current motion likewise fails to request a sum certain. Instead, in its motion, Tubi Style seeks entry of judgment against HG Parts in an unspecified amount "in excess of $100,000[,]" in addition to an injunction "restricting the unlawful black market sale of Tubi Style of Italy products within the United States and Mexico[.]" Tubi Style's Proposed Findings of Fact and Conclusions of Law do not address the issue of monetary damages, although Tubi Style seeks entry of injunctive relief requiring HG parts to cease and desist from violating the exclusivity rights of Tubi Style. Tubi Style has provided no proof of monetary damages. Tubi Style has, however, submitted the affidavit of its president, Franc G. Yarde, in support of its claim of irreparable harm.

F. HG Parts is in default. HG Parts has therefore admitted liability and has not contested Tubi Style's proof of irreparable harm.

G.  Tubi Style is entitled to permanent injunctive relief precluding HG Parts from further violation of Tubi Style's exclusive contractual rights to distribute Tubi Style of Italy products in the United States and Mexico.

## CONCLUSION

The court will enter a final judgment in accordance with these findings of fact and conclusions of law.

Entered this 4th day of October, 2005.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge